**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

| | |
|---|---|
| ANR PIPELINE COMPANY, | |
| *Plaintiff*, | |
| v. | Civil Action No. 4:23-CV-113-DJH |
| 35.64 ACRES OF LAND, MORE OR LESS, LOCATED IN DAVIESS COUNTY, KENTUCKY, and | |
| JARED WARREN 7830 Hayden Lane Owensboro, KY 42301-8000, | |
| *Defendants*. | |

## COMPLAINT IN CONDEMNATION

1.      Plaintiff ANR Pipeline Company ("ANR"), pursuant to its power of eminent domain as authorized by Section 7h of the Natural Gas Act ("NGA"), 15 U.S.C. § 717f(h), and under Federal Rule of Civil Procedure 71.1, seeks an order of condemnation for the following: (1) permanent and perpetual rights of way and easements, which are described in **Exhibit A** and **Exhibit B**,[1] attached hereto and incorporated herein; (2) temporary rights of way and easements for work space, also described in **Exhibit A** and **Exhibit B**; and (3) such other legal and equitable relief as may be appropriate, specifically including preliminary injunctive relief allowing ANR to enter the property to begin construction efforts while the proper amount of compensation for the

---

[1] **Exhibit A** is a right of way and easement plan for the two of the three tracts of condemned in this Complaint: Parcel Identification Nos. 016-00-00-015-01-000 and 016-00-00-015-02-000, respectively.  **Exhibit B** is a similar right of way and easement plan for the third tract of land at issue: Parcel Identification No. 016-00-00-015-03-000.  Both of those exhibits note preliminary plans for a "Permanent Overhead Power Line Easement," which are not at issue in this Complaint.

taking is resolved.

## JURISDICTION AND VENUE

2.    The Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and Section 7h of the Natural Gas Act, 15 U.S.C. § 717f(h) for the following four reasons: (1) ANR holds a FERC Certificate; (2) despite negotiations with Defendant, ANR has been unable to reach an agreement for the rights to be taken; (3) the rights that ANR seeks to take by eminent domain are necessary; and (4) for jurisdiction purposes, Defendant claims that the value of the rights taken exceeds $3,000.00.

3.    Venue is proper pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 717f(h) because all of the property that is the subject of this action is located within the Owensboro Division of the Western District of Kentucky.

4.    ANR has satisfied all the jurisdictional prerequisites and may exercise its federal powers of eminent domain to take the rights described herein.

## PARTIES

5.    ANR is a Delaware corporation with its principal place of business in Texas.  ANR is also authorized to do business in the Commonwealth of Kentucky.  ANR is an interstate natural gas company, as defined by 15 U.S.C. § 717a(6), and is qualified to construct, own, operate, and maintain pipelines for the interstate transmission of natural gas.  ANR's interstate transmission system consists of more than 9,300 miles of pipeline transporting natural gas from various supply basins to markets throughout the U.S. Midwest and U.S. Gulf Coast.

6.    ANR's authorization to transport natural gas in interstate commerce is granted by the Federal Energy Regulatory Commission ("FERC") and subject to FERC jurisdiction.

7.    In 1982, FERC issued the Michigan Wisconsin Pipe Line Company a blanket

certificate of public convenience and necessity ("FERC Certificate"). *See Michigan Wisconsin Pipe Line Co.,* 20 FERC ¶ 62,595 (1982) (a/k/a Docket No. CP82-480-000 and attached hereto as **Exhibit C** and incorporated herein). ANR is the successor-in-interest to the Michigan Wisconsin Pipe Line Company. The FERC Certificate authorizes ANR to conduct certain activities without further approval from FERC. This includes authorization to construct, acquire, operate, replace and rearrange "eligible facilities" up to certain annual dollar limits without any further authorization from the Commission. *See* 18 C.F.R. §§ 157.202; 157.208(d); 284.11; 284.221(f)(3) (2015).

8.      The Pipeline is an eligible facility under the FERC Certificate, and the anticipated cost of the Project is less than the $14 million cost limit provided by 18 C.F.R. §157.208(d), Table I.

9.      Pursuant to the FERC Certificate, ANR seeks to construct, own, operate, and maintain a new lateral pipeline and attendant facilities connected to its existing interstate natural gas system—an eligible facility. But to do so, ANR necessitates the property rights condemned in this Complaint.

10.     On information and belief, Defendant Jared Warren ("Defendant") is a resident of the Commonwealth of Kentucky and claims an interest in the three tracts of land condemned in this Complaint. That property is legally described as follows:

Tract No. 1 containing 20.02 acres and Tract No.2 containing 10.01 acres of the survey and division for Robert Carter as shown in Plat Book 32, page 145, in the Office of the Daviess County Court Clerk.

AND BEING the same property conveyed to Damian Bartkus and Avis E. Bartkus, his wife, and the survivor of them, by deed from Robert S. Carter, Jr. and Amaryllis R. Carter, his wife, dated August 13, 2003, of record in Deed Book 771, at page 292, Office of the Daviess County Court Clerk.

Tract No. 3 containing 5.61 acres of the survey and division for Robert Carter as shown in Plat Book 32, page 145, in the Office of the Daviess County Court Clerk.

AND BEING the same property conveyed to Lawrence E. McCarty, Jr., Jr. by deed from Robert S. Carter, Jr. and Amaryllis R. Carter, his wife, dated August 12, 2003, of record in Deed Book 771, page 216, in the Office of the Daviess County Court Clerk.

11.     Tract Nos. 1 and 2 are identified more specifically as Parcel Identification Nos. 016-00-00-015-01-000 and 016-00-00-015-02-000, respectively.  Tract No. 3, on the other hand, is identified more specifically as Parcel Identification No. 016-00-00-015-03-000 (together with Tract  Nos. 1 and 2, the "Property").  An additional description of the Property described above is attached hereto as **Exhibit D** and incorporated herein.

## BACKGROUND

12.     ANR is in the business of transporting natural gas in interstate commerce pursuant to authorization granted by FERC and the FERC Certificate.  ANR currently seeks to complete its Owensboro Renewable Natural Gas or RNG project (the "Project").

13.     The Project includes a point of receipt meter station located at the Daviess County Municipal Solid Waste Landfill in Daviess County, Kentucky.  It also includes connecting the RNG meter station to ANR's existing interstate natural gas system by way of an approximate 4.8 mile long, six-inch (6") high-density polyethylene ("HDPE") pipeline lateral that maintains a maximum allowable operating pressure ("MAOP") of 125 PSIG, (the "Pipeline").

14.     The Pipeline will facilitate the movement of renewable natural gas—captured from the Daviess County Municipal Solid Waste Landfill—through ANR's existing interstate pipeline system and promote the FERC Certificate's purpose of transporting natural gas as required by the public convenience and necessity.  *See* **Exhibit C** (finding, in part, "[t]he construction, acquisition, and operation of facilities and the transportation and sale of natural gas are required by the public convenience and necessity and a certificate therefor should be issued as hereinafter ordered and conditioned").  To complete the Project, however, ANR necessitates a twenty-five (25) foot wide

4

right of way corridor, and temporary work space for the Pipeline.  *See* **Exhibit A** and **Exhibit B**.

15.    ANR has thoroughly surveyed the land in the vicinity of the Daviess County Municipal Solid Waste Landfill and determined that the Pipeline must travel under, upon, across, and through the Property owned by Defendant.  No reasonable alternative route exists.

16.    Despite negotiations with Defendant, ANR, by and through its agents and employees, has been unable to agree with Defendant for the purchase of the property rights condemned in this complaint.  Indeed, ANR made various offers to pay Defendant compensation for the rights to be acquired in this action, including a final offer letter sent to Defendant's counsel, which is attached hereto as **Exhibit E** and incorporated herein.  ANR's final offer to Defendant exceeded the $3,000.00 minimum jurisdictional threshold under 15 U.S.C. § 717f(h).  Regardless of that fact, Defendant has rejected ANR's offers.

17.    Based on the foregoing, ANR has satisfied all the jurisdictional prerequisites and may exercise its federal powers of eminent domain to take the property rights and interests described herein.  Stated another way, ANR has taken all steps and proceedings required by law necessary to initiate these proceedings as required by 15 U.S.C. § 717f(h) and Fed. R. Civ. P. 71.1.

## THE RIGHT TO CONDEMN THE PROPERTY

18.    As a preliminary matter, Federal Rule of Civil Procedure 71.1(b) permits ANR to condemn each of the three Tracts that comprise the Property in a single action.  *See* Fed. R. Civ. P. 71.1(b) ("The plaintiff may join separate pieces of property in a single action, no matter whether they are owned by the same persons or sought for the same use.").

19.    To state a claim for condemnation under 15 U.S.C. § 717f(h), a plaintiff must demonstrate three things: that "(1) they hold 'a certificate of public convenience and necessity' issued by FERC, (2) the tract of land at issue is 'necessary to construct, operate, and maintain a

pipe line,' and (3) they are unable to negotiate a voluntary easement by contract." *Nexus Gas Transmission, LLC v. City of Green*, 757 F. App'x 489, 493 (6th Cir. 2018) (citing 15 U.S.C. § 717f(h)); *see also PennEast Pipeline Co., LLC v. New Jersey*, 141 S. Ct. 2244, 2263 (2021) ("By its terms, §717f(h) authorizes FERC certificate holders to condemn all necessary rights-of-way, whether owned by private parties or States."). ANR meets each of these requirements.

20.    *First*, ANR possesses a FERC Certificate, which authorizes ANR to conduct certain activities without further approval from FERC. *See* **Exhibit C**.

21.    *Second*, the rights sought herein will be used and are necessary for the Project, as well as ANR's continued operation and maintenance of its existing interstate natural gas system.

22.    *Third*, ANR has been unable to negotiate voluntary easements for the rights sought herein by contract. Thus, Columbia has been unable to acquire the rights sought in this action by contract.

## THE RIGHTS SOUGHT TO BE TAKEN

23.    The property interests that ANR seeks to acquire are permanent and perpetual rights of way and easements ("Permanent Easements") and temporary rights of way and easement for work space ("Temporary Easements") pursuant to the Pipeline alignment described and depicted in **Exhibit A** and **Exhibit B**, under, upon, across, and through the Property owned by Defendant, which is legally described in **Exhibit D**.

24.    Regarding Tract Nos. 1 and 2, the proposed Permanent Easement affecting those tracts is as follows:

> CENTERLINE DESCRIPTION OF A TWENTY-FIVE FOOT (25') PIPELINE EASEMENT FOR A PARCEL OF LAND IN STATE OF KENTUCKY, COUNTY OF DAVIESS AS DESCRIBED IN BOOK 838, PAGE 777, PLAT 32, PAGE 145 TRACTS 1 & 2, SAID CENTERLINE MORE PARTICULARLY

DESCRIBED AS FOLLOWS;

COMMENCING AT A FOUND 1/2 INCH IRON ROD ON THE NORTHEAST CORNER OF SAID TRACT 2; THENCE ALONG THE EAST LINE OF SAID TRACT 2 SOUTH 08°46'54' EAST 831.91 FEET TO THE POINT OF BEGINNING.

THENCE SOUTH 80°30'42" WEST 1,118.54 FEET;

THENCE SOUTH 57°11'24" WEST 7.70 FEET TO THE WEST LINE OF SAID TRACT 1 AND POINT OF TERMINUS, FROM WHICH A FOUND 1/2" IRON ROD ON THE NORTHWEST CORNER OF TRACT #1 OF SAID PROPERTY BEARS NORTH 11°31'04" WEST 1,321.61 FEET.

SAID EASEMENT BEING 1,126.24 FEET OR 68.26 RODS LONG AND CONTAINING 28,156 SQ FT OR 0.65 ACRES MORE OR LESS.

*See* **Exhibit A** (providing, among other things, a "PERMANENT PIPELINE EASEMENT DESCRIPTION" for Tract Nos. 1 and 2 (capitalization in original)).

25.    As for Tract No. 3, the proposed Permanent Easement affecting that tract is as follows:

CENTERLINE DESCRIPTION OF A TWENTY-FIVE FOOT (25') PIPELINE EASEMENT FOR A PARCEL OF LAND IN STATE OF KENTUCKY, COUNTY OF DAVIESS AS DESCRIBED IN PLAT 32, PAGE 145 TRACT 3, SAID CENTERLINE MORE PARTICULARLY DESCRIBED AS FOLLOWS;

COMMENCING AT A FOUND 1/2 INCH IRON ROD ON THE NORTHWEST CORNER OF SAID TRACT 3; THENCE TO A POINT ON THE EAST LINE OF SAID TRACT 3 SOUTH 24°00'19' EAST 866.92 FEET TO THE POINT OF BEGINNING.

THENCE SOUTH 83°42'30" WEST 132.64 FEET;

THENCE SOUTH 80°30'42" WEST TO THE WEST LINE OF SAID TRACT 3 AND POINT OF TERMINUS, FROM WHICH A FOUND 1/2" IRON ROD WITH CAP ON THE NORTHWEST CORNER OF TRACT 2 OF A PROPERTY IN STATE OF KENTUCKY, COUNTY OF DAVIESS AS DESCRIBED IN BOOK 838, PAGE 777 & PLAT 32, PAGE 145 BEARS NORTH 31°30'21" WEST 847.49 FEET.

SAID EASEMENT BEING 227.77 FEET OR 13.80 RODS LONG AND

CONTAINING 5,694 SQ FT OR 0.13 ACRES MORE OR LESS.

*See* **Exhibit B** (providing, among other things, a "PERMANENT PIPELINE EASEMENT DESCRIPTION" for Tract No. 3 (capitalization in original)).

26.    Thus, ANR seeks an order of condemnation for Permanent Easements to construct, lay, maintain, operate, inspect, alter, repair, replace, remove, reconstruct, relocate, abandon in place and/or remove the Pipeline, and any and all necessary or useful appurtenances thereto, including, but not limited to, metering devices, in a manner consistent with its FERC Certificate and FERC's regulations, for the transportation of natural gas, and all appliances, appurtenances, fixtures, equipment, and facilities, whether above or below ground ("Facilities"), deemed by ANR to be necessary or desirable in connection with such Pipeline.

27.    ANR also seeks Temporary Easements for work space contiguous to the Permanent Easements, or other additional space, as described and depicted in **Exhibit A** and **Exhibit B**, for use by ANR and its employees, contractors, or other agents during the surveying, laying, and construction of the Pipeline.   After ANR determines that construction activities and other regulatory obligations have been completed, the Temporary Easements will expire and revert to Defendant.  ANR does not seek to acquire any interest in oil, gas, or other minerals located on the Property.

28.    ANR further seeks the right of limited, reasonable ingress and egress over and across the Property and the use thereof reasonably necessary in conducting pre-construction activities, including, but not limited to surveys, examinations, and tests, and constructing, laying, maintaining, operating, inspecting, altering, repairing, replacing, removing, reconstructing, relocating, abandoning in place and/or removing the Pipeline, and any and all necessary or useful appurtenances thereto, including, but not limited to, metering devices, on said right-of-way, together with the right, from time to time, to clear the right-of-way of all trees, undergrowth, and

other natural or manmade obstruction that may injure or endanger the Pipeline and any associated Facilities, or otherwise interfere with ANR's access to, monitoring of, or construction, maintenance, operation, repair, relocation, and/or replacement of the same.

29.    ANR further seeks the full right and authority to lease, sell, assign, transfer and/or convey to others the Permanent Easements or Temporary Easements, estate, interest, rights, and privileges hereby sought, in whole or in part, or to encumber the same.

30.    Defendant shall retain all other rights to the Property, subject to the Permanent Easements and Temporary Easements, including the right to use the Property in any manner that will not interfere with the use and enjoyment of the Permanent Easements and Temporary Easements.

## INJUNCTIVE RELIEF

31.    ANR also requests that the Court to grant it preliminary injunctive relief to permit ANR's immediate entry upon the Property to begin construction of the Pipeline in furtherance of the Project.

32.    The Sixth Circuit has recognized that district courts weigh four factors when deciding whether to grant a preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *Nexus Gas Transmission, LLC v. City of Green*, 757 F. App'x 489, 492 (6th Cir. 2018) (citing *Hall v. Edgewood Partners Ins. Ctr., Inc.*, 878 F.3d 524, 526-27 (6th Cir. 2017)).  At the same time, these four factors "simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *Id.*

(citation omitted).

33.      Here, ANR is authorized under the NGA to exercise the power of eminent domain to condemn Defendant's property. *See* 15 U.S.C. § 717f(h). Therefore, ANR has a strong likelihood of success on the merits and is likely to prevail on the merits of its Complaint and taking. Second, ANR will suffer irreparable injury absent the injunction. Delaying ANR's ability to access the Property will impede construction and significantly impair ANR's ability to complete the Project. For that reason, further delays will cause irreparable harm to ANR if ANR is not granted immediate entry upon the Property to begin construction. Third, the irreparable harm to ANR outweighs any harm that may arise as to Defendant's interest. Finally, the public's interest is better served by the timely completion of the Project, which will allow the public's consumption of renewable natural gas.

34.      For all of these reasons, ANR requests that the Court enter an order granting ANR a preliminary and permanent injunction to permit ANR the right of immediate entry upon the Property to begin construction of the Pipeline.

WHEREFORE, ANR respectfully requests that this Court:

A.      Enter a final order awarding the Permanent Easements and the Temporary Easements to ANR by eminent domain;

B.      Issue a preliminary injunction granting ANR immediate possession of the Permanent Easements and the Temporary Easements, prior to the determination of just compensation, upon a deposit of bond with the Court;

C.      Schedule a trial for the purpose of determining just compensation pursuant to Rule 71.1(h);

D.      Ascertain and award just compensation for the taking of the Permanent Easements

10

and the Temporary Easements; and

      E.      Grant such other relief as may be just and proper.

Dated: October 18, 2023                    Respectfully submitted,

                                        ANR PIPELINE COMPANY

                                        BY COUNSEL

                                        */s/ J. Brian Jackson*
                                        J. Brian Jackson
                                        KY Bar No. 94146
                                        McGuireWoods LLP
                                        323 Second St. SE
                                        Suite 700
                                        Charlottesville, Virginia 22902
                                        Telephone: (434) 977-2500
                                        Facsimile: (434) 980-2222
                                        bjackson@mcguirewoods.com

                                        *Counsel for Plaintiff ANR Pipeline Company*